**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ROY BLANKENSHIP, a/k/a Hinkle,
          *Defendant-Appellant.*

No. 02-4887

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-02-97)

Submitted: May 20, 2003

Decided: June 11, 2003

Before LUTTIG, WILLIAMS, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Matthew A. Victor, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Roy Blankenship appeals his conviction and thirty-year sentence following a jury trial on charges of conspiring to distribute cocaine and attempted distribution of cocaine, both in violation of 21 U.S.C. § 846 (2000). Blankenship argues his conviction rests on two erroneous evidentiary rulings and that the district court should not have credited the testimony of a cooperating co-conspirator in calculating his sentence. For the following reasons, we affirm.

Blankenship's challenge to the district court's finding that he lacked standing to challenge the admission of cocaine discovered in a FedEx shipment is misplaced. Although the sender and recipient of a package sent by mail each have a legitimate expectation of privacy in the package's contents, *United States v. Jacobsen*, 466 U.S. 109, 114 (1984), Blankenship was neither the addressee nor the identified sender of the package at issue in this case. *Cf. United States v. Pitts*, 322 F.3d 449, 455-57 (7th Cir. 2003). Accordingly, we find no error in the district court's denial of Blankenship's motion to suppress.

Nor do we find that the district court abused its discretion in admitting recorded telephone conversations over Blankenship's objection pursuant to Fed. R. Evid. 404(b). *See United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997) (providing standard). While some of Blankenship's statements may have portrayed him unfavorably, the statements were relevant beyond an examination of his character, as they supported the United States' showing of intent to purchase cocaine, an element of the crime charged. Further, Blankenship fails to demonstrate that the statements are unreliable or unduly prejudicial under Fed. R. Evid. 403. *See id.*, 132 F.3d at 995. Accordingly, we find no error in this regard.

Likewise, Blankenship's challenges to the chain of custody for two of the United States' exhibits are misplaced. Under Fed. R. Evid. 901, the admission of an exhibit must be preceded by "evidence sufficient to support a finding that the matter in question is what its proponent claims." This showing is satisfied by "sufficient proof that the evidence is what it purports to be and has not been altered in any mate-

rial respect," and is not intended as an iron-clad rule that requires exclusion of real evidence based on a missing link in its custody. *See United States v. Ricco*, 52 F.3d 58, 61-62 (4th Cir. 1995). Because witnesses at trial provided an adequate basis for authenticating the FedEx shipment and a Crown Royal bag containing a large sum of currency, these assignments of error are meritless.

Finally, Blankenship challenges the calculation and length of his sentence, attacking the credibility of Howard Williamson, a cooperating co-conspirator, and the disparity between their sentences. Giving due regard to the district court's assessment of Williamson's credibility, our review of the record reveals that the district court did not err in crediting Williamson's testimony despite Blankenship's attempts to impeach him and point out alleged internal inconsistencies in his testimony. Further, Blankenship did not seek a downward departure based on the sentencing disparity in question, nor could one have been granted. *See United States v. Brothers Constr. Co.*, 219 F.3d 300, 319 (4th Cir. 2000). Thus, Blankenship fails to demonstrate error in either the district court's crediting of his cooperating co-conspirator's testimony or its imposition of a substantially longer sentence than that received by his co-conspirator.

Accordingly, we affirm Blankenship's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*